Filed 5/23/22  P. v. Rucker CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARCHIE JOHN RUCKER, JR.,<br><br>    Defendant and Appellant. | B316178<br><br>Los Angeles County<br>Super. Ct. No. TA098143 |

    APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Jr., Judge. Affirmed.

    Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

    No appearance for Plaintiff and Respondent.

# INTRODUCTION

Archie John Rucker, Jr., appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.95. His appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

# BACKGROUND[2]

## 1. The Underlying Crimes

On December 17, 2007, Alan Herrera lived in a garage behind his parents' home on East 112th Street in Los Angeles. At approximately 9:00 p.m., he was playing video games in the garage with four friends including José Posada, Ernesto Herrera, and Christopher Meza. Alan Herrera went to the gate in front of the house where he was confronted by Warren Nelson who had a nine-millimeter handgun, and Rucker who had a shotgun. Nelson pointed the handgun at Alan Herrera's head and led him past the house and into the garage. Rucker followed them into the garage with the shotgun.

Nelson told Alan Herrera's friends to get on the floor and they complied. Ernesto Herrera testified Rucker pointed a shotgun at his face and, while he was on the floor, someone began tying him with duct tape. Nelson repeatedly demanded to know where the money was.

---

[1] All undesignated statutory references are to the Penal Code.

[2] In his petition for resentencing, Rucker states that his statement of facts was taken from this court's opinion in Rucker's direct appeal, *People v. Rucker* (Mar. 8, 2011, B220186) [nonpub. opn.] (*Rucker I*), and the attached trial transcripts. Our factual and procedural summary is taken from *Rucker I* and the record in this appeal.

José Herrera, Alan's father, heard noises in the back yard and asked his wife to see what's going on. Alan Herrera heard his mother scream, "What's going on out there?" The intruders panicked and said, "get the mom." Nelson directed Alan Herrera into the backyard with the gun still at his head. Rucker followed with the shotgun.

José Herrera testified that when his wife returned from the backyard, Rucker was pointing a shotgun at her. Also, Nelson repeatedly struck his son on the head with a gun and demanded to know where the money was. José Herrera hit Rucker with a chair in the chest causing Rucker to fall. Rucker got up, "cranked" the shotgun and fired it into the air. He then "cranked" it again and pointed it at José Herrera.

Alan Herrera saw his father trying to push Rucker and Rucker trying to hit his father with the shotgun. When Alan Herrera intervened and pushed Rucker, Rucker hit Alan twice in the head with the shotgun. Nelson tried to enter the home but Almira Herrera, Alan's sister, stopped him. Almira Herrera then chased Nelson into the backyard and tried to stab Nelson with a knife. Alan Herrera heard a gunshot and immediately thereafter his sister fell to the ground. The intruders fled. Almira Herrera died of a gunshot wound to the chest.

Alan Herrera and Christopher Meza testified Nelson and Rucker were accompanied by two unarmed individuals. The police found a nine-millimeter casing in the backyard but no spent shotgun shell.

Los Angeles Police Detective Roger Allen interviewed Rucker regarding the incident. An audiotape recording of the interview was played for the jury. Rucker said Nelson approached him at 109th Street and Watts Avenue and talked about a

robbery, which Nelson referred to as a "smooth little lick." Nelson said he, Rucker and a "smoker dude" were going to commit the robbery and Rucker would be the look out. Nelson told Rucker to meet him at 112th Street. When Rucker arrived, Nelson gave Rucker a shotgun that was loaded with five rounds. Nelson had a nine-millimeter handgun. Nelson, the smoker dude, and Rucker went to the gate. The smoker dude telephoned Alan Herrera and, when Alan Herrera opened the gate, Nelson grabbed him and took him to the back.

Rucker initially claimed he stayed at the gate with the shotgun. When Detective Allen said Rucker's DNA had been found on the duct tape, Rucker admitted he opened the tape, bit it and "wrapped it around … [s]o it wouldn't stick back together." Rucker then further admitted he went into the back yard with Nelson. Rucker ordered everyone to freeze, then stood by the side of the house and watched Nelson who had a gun at Alan Herrera's neck. Rucker saw a female with a knife, yelling and chasing Nelson. An older male rushed Rucker with a chair and struck him, causing him to fall. Rucker heard Nelson threaten to shoot the female, followed by a gunshot. At that point, Rucker ran from the scene. Rucker denied he intentionally hurt anyone and expressed surprise at the number of people at the location.

Following a jury trial in 2009, Rucker was convicted of first degree murder of Almira Herrera (§ 187) and attempted robbery of Alan Herrera (§§ 664/211). The jury found true the special circumstance allegation that Rucker committed the murder during an attempted robbery (§ 190.2, subd. (a)(17)). The trial court sentenced him to life imprisonment without the possibility of parole for the murder conviction, plus six years for the

4

attempted robbery conviction. Rucker appealed and the judgment was affirmed as modified in *Rucker I*.

**2.      Resentencing Proceedings**

On February 10, 2021, Rucker, represented by counsel, filed a petition for resentencing under section 1170.95. Rucker argued the jury's special circumstance finding does not preclude relief as a matter of law, he was not the actual killer, he did not directly aid and abet in the murder, and he was not a major participant in the attempted robbery who acted with reckless indifference to human life. As exhibits to the petition, Rucker included numerous minute orders, the opinion issued in *Rucker I*, and trial transcripts.

On July 23, 2021, the People conceded Rucker had made a prima facie case of eligibility for relief, and the court scheduled an order to show cause hearing. On October 25, 2021, Rucker filed a supplemental brief arguing, among other things, that at an evidentiary hearing the court is to act as an independent factfinder applying a proof beyond a reasonable doubt standard.

The hearing on Rucker's petition was held on October 29, 2021. The parties relied solely on the evidence in the record of conviction and did not introduce any additional evidence at the hearing. The court denied the petition. After applying the factors set forth in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the court found that Rucker was a major participant in the underlying felony resulting in the murder and acted with reckless indifference to human life at the time of the crime. As for his role as a major participant, the court cited evidence that Rucker willingly went along with Nelson's plan, Rucker had a loaded shotgun, Rucker struck Alan Herrera in the head with the shotgun, and Rucker "was there

5

from start to finish." As for his actions with reckless indifference to human life, the court cited evidence that Rucker and "his compadres" had loaded shotguns, Rucker provided the duct tape, Rucker hit the victim with the firearm, Rucker shot his firearm into the air a couple of times, and Rucker did nothing to prevent the murder or dissuade Nelson from murdering the victim. The court also noted that Rucker fled the scene after lethal force was used; he did not try to assist the victim and did not call paramedics or the police. The court thus concluded Rucker was ineligible for resentencing pursuant to section 1170.95.

Rucker filed a timely notice of appeal. On March 9, 2022, appointed counsel filed a brief in which counsel raised no issues and asked us to review the record independently under *Wende*, *supra*, 25 Cal.3d 436. This court notified Rucker that his attorney had failed to find any arguable issues and that he could submit by brief or letter any arguments he wished this court to consider. We have not received a response.

## DISCUSSION

Given there was no new evidence presented at the hearing, the trial court relied on evidence from the record of conviction to conclude Rucker was ineligible for resentencing under section 1170.95. It applied the reasonable doubt standard to find he was a major participant in the felony resulting in Almira Herrera's murder and acted with reckless indifference to human life at the time of the crime. (§ 1170.95, subd. (d)(3).)

We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.